**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| **Shenzhen Weiwei Technology Co. Ltd. et. al.,** | |
| *Plaintiffs*, | Civil Action No. 3:24-cv-2237 |
| v. | JURY TRIAL DEMANDED |
| **Anji Hengjian Smart Home Technology Co., Ltd.,** | |
| *Defendant*. | |

## ORIGINAL COMPLAINT

Plaintiffs Shenzhen Weiwei Technology Co. Ltd. ("Weiwei"), Shaoyang Meisheng Furniture Co. Ltd. ("Shaoyang"), Anji Yijia Furniture Trading Co. ("Yijia"), Yuanfu Yuanneng Electronic Technology Co. Ltd. ("Yuanfu"), and Shenzhen Haili Electronic Technology Co. Ltd. ("Haili") (collectively, "Plaintiffs") file this complaint against Defendant Anji Hengjian Smart Home Technology Co., Ltd. ("Defendant" or "Hengjian") seeking a declaratory judgment of patent invalidity of a certain chair as defined herein ("Swivel Chair") against U.S. Design Patent No. Dl,027,476 S ("the D'476 Patent").

## PARTIES

1.      Plaintiffs are companies organized under the laws of the People's Republic of China.

2.      Upon information and belief, Defendant Hengjian is a company based in Huzhou, China and also organized under the laws of the People's Republic of China.

1

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction over the subject matter of this action against Defendant Hengjian pursuant to 28 U.S.C. §§1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      Personal jurisdiction and venue exist in this Court over Hengjian because its unlawful practices were committed and/or caused harm to Plaintiffs within the jurisdiction of this Court. Texas is the top market for Plaintiffs and Amazon's removal of the Accused Products has a substantial effect on the state such that a declaratory judgment action of invalidity is proper. Courts have found that a significant amount of goods sold in a federal district through an interactive website makes that district a proper place of venue as a place where a substantial part of the events giving rise to the claim arose, see *Nursery Decals & More, Inc. v. Neat Print, Inc.*, No. 3:19-CV-2606-B, 2020 U.S. Dist. LEXIS 63113, at *29-31 (N.D. Tex. Apr. 10, 2020).

**INTRODUCTION**

5.      Plaintiffs received Amazon notices on August 20, 2024, alleging "Intellectual Property Violations" of the D'476 Patent.  Subsequently, Amazon.com have delisted Plaintiffs' Swivel Chair products from the platform based on the alleged infringement without adjudication from any courts or tribunals.  Defendant's objectively baseless complaint to Amazon has caused irreparable harm and will continue to cause harm as long as Plaintiffs' products remain delisted. The alleged "Intellectual Property Violations" are wholly without merit in light of prior art known before the filing of the asserted D'476 Patent

**NATURE OF THE ACTION**

6. This action arises from Declaratory Judgment of patent invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant Hengjian's actions have placed Plaintiffs in the precarious position of the imminent and real threat of an infringement lawsuit through the enforcement of the D'476 Patent by Amazon.

## THE PLAINTIFFS' PRODUCTS

7. Plaintiffs are e-commerce companies selling multiple categories of products on Amazon under the storefronts MSJJ-US, WWKJ-US, EZK-US, Kathy-K, and Nrizc ("Plaintiffs' storefronts"), respectively.

8. The Swivel Chairs at issue are identified by American Standard Identification Nos. ("ASIN") B0D2WCQCJP, B0BL3BPZ72, B0CQZGR3D6, B0CQZHYJNQ, B0CQZJJLGR, B0CQZH61ZD, B0CKMQM2JX, B0BL3FXG9P, B0CKMRBWM8, B0CKSNFLTF, B0CKMSKNCS, B0BL39RP4T, B0BL3FXG9P, B0BL39RP4T, B09XR1JD6F, B09XR23N9J, B09XR1616F, and B09XR2PK1V ("Defendants' ASINs").

9. Plaintiffs' storefronts have garnered 5 out of 5 stars in customer ratings. Plaintiffs' products are known for their outstanding quality and dependability at an affordable price point.

10. The Amazon Marketplace constitutes Plaintiffs' primary sales channel into the United States. Additionally, Texas is the most significant sales market for Plaintiffs. To remain competitive in the United States market for chairs, Plaintiffs need their products listed in the Amazon Marketplace.

11. Defendant Hengjian's use of the Amazon infringement reporting system as an inequitable injunction significantly harms Plaintiffs. Defendant's submission of Amazon.com infringement reports has caused immediate and irreparable harm to Plaintiffs. Due to Defendant's

claim of infringement, Amazon has removed Plaintiffs' Swivel Chair products identified by Defendants' ASINs from the marketplace, preventing Plaintiffs from accessing its largest channel of trade." Plaintiffs will lose substantial monetary value, and suffer irreparable harm in lost market share, and harm to reputation.

12.     Additionally, Defendant's actions have placed Plaintiffs in the precarious position of the imminent threat of an infringement lawsuit which presents a substantial, immediate, and real controversy of adverse legal interests.   Defendant has already shown its intent to misuse its patent to assert baseless infringement allegations against Plaintiffs.

### U.S. Design Patent No. D l,027,476 S

13.     Defendant Hengjian is the applicant and assignee of record of the D'476 Patent, attached as Exhibit 1.

14.     The D'476 Patent is entitled "CHAIR" and generally discloses "The ornamental design for a chair, as shown and described." Exhibit 1 at Claim.

15.     The D'476 Patent was issued on May 21, 2024, and has an effective filing date of March 21, 2022.

### DEFENDANT HENGJIAN

16.     Upon information and belief, Defendant Hengjian is a company based in Huzhou organized under the laws of the People's Republic of China.

17.     On or around August 20, 2024, Hengjian initiated its patent infringement complaints asserting the D'476 Patent against the Plaintiffs' Swivel Chairs identified by Defendants' ASINs. *See* Exhibit 2, Amazon's Notice.

18.     Plaintiffs' Swivel Chairs do not infringe the claim of the '476 Patent as it is invalid due to prior art was available to the public before the effective filing date of the claimed invention.

Under 35 U.S.C. § 102, a patent is invalid if the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

19.    Defendant Hengjian filed U.S. Application No. 29/831,468 (the "'468 Application") that issued as the D'476 Patent, on May 21, 2024. However, before Hengjian's priority filing date, there was at least one identical prior art previously known and available to the public. Specifically, the Green Velvet Morden Cute Upholstered Task Chair sold by HOMEFUN at Homedepot.com ("HOMEFUN Product")  with seller reviews dating back as far as March 21, 2021, predates the priority filing date of the '468 Application by at least one year.



Source:    https://www.homedepot.com/p/HOMEFUN-Green-Velvet-Morden-Cute-Upholstered-Task-Chair-HFHDSN-173GN/316122095 (last viewed on August 27, 2024).

Below is a side-by-side comparison of the two designs.




the D'476 Patent                         HOMEFUN Chair

20.     A plain comparison shows that the HOMEFUN Product discloses the complete design described in the D'476 Patent. "Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other." See *Door-Master Corp. v. Yorktowne Inc*., 256 F.3d 1308, 1313 (Fed. Cir. 2001) (citing *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). Both the claimed design and the HOMEFUN Product design are chairs with 5 ball casters as the base. The seat is upholstered, and the back and armrests are a continuous piece with an open area in the lower back. There are vertical seams throughout the interior surface of the chair. In this case, the appearance of the claimed design would be seen by an ordinary observer as exactly the same as the HOMEFUN Product design.

## COUNT I:
## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '476 PATENT</u>

21.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

22. An actual, continuing and justiciable controversy exists between Plaintiffs and Hengjian as to the invalidity of the D'476 Patent, as evidenced by Hengjian's allegations of infringement on Amazon, as set forth above.

23. The Swivel Chairs do not infringe any claim of the D'476 Patent in light of prior art known before the filing of the asserted D'476 Patent.

24. Hengjian's baseless infringement reports on the Amazon.com, Inc. platform have caused imminent and real threat of an infringement lawsuit.

25. Hengjian's baseless infringement reports on the Amazon.com, Inc. platform have caused and will continue to cause ongoing and irreparable harm to Plaintiff.

26. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the D'476 Patent is invalid under 35 U.S.C. § 102.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A. Preliminary and permanent injunctions ordering Defendant Hengjian to withdraw all Amazon infringement complaints lodged against the Swivel Chairs regarding the D'476 Patent, and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that any of the claims of the D'476 Patent are invalid and Plaintiffs' Swivel Chairs do not infringe the D'476 Patent; and

C.      A declaration that this case is exceptional and an award to Plaintiffs of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D.      Such further and additional relief as the Court deems just and proper.

Dated: August 30, 2024                          Respectfully submitted,

                                                */s/ Timothy T. Wang*
                                                Timothy T. Wang
                                                Texas Bar No.: 24067927
                                                Ni, Wang & Massand, PLLC
                                                8140 Walnut Hill Lane, Suite 615
                                                Dallas, TX 75231
                                                972.331.4603
                                                972.314.0900 (facsimile)
                                                twang@nilawfirm.com

                                                *Counsel for Plaintiffs*